IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GRETA HARSELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 7:17-cv-00389 |
| | ) | |
| v. | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| VIRGINIA MOTOR LODGES, INC., | ) | |
| d/b/a Super 8, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Greta Harsell brings this employment discrimination and retaliation action against her former employer, Virginia Motor Lodges, Inc. (VML), *d/b/a* Super 8. Harsell alleges that VML demoted her because of her age, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, and the Virginia Human Rights Act (VHRA), Virginia Code §§ 2.2-3900–3903. Additionally, Harsell alleges that VML also violated the ADEA by subsequently terminating her employment in retaliation for her filing a complaint with the Equal Employment Opportunity Commission (EEOC).

Before the court is defendant's motion to dismiss the VHRA claim in Count II for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The matter has been fully briefed, and the court heard oral argument on February 21, 2018. For the reasons set forth below, the court will grant defendant's motion to dismiss Count II.

## I. BACKGROUND[1]

Harsell began working for VML in February 2011 as a part-time front desk clerk. VML was aware that Harsell also worked for Motel 6 for several months in 2011, but no one stated that the overlap presented a conflict of interest. In February 2012, VML promoted Harsell to the full-time position of general manager.

Harsell turned 50 on July 22, 2016. On or about the same day, Natu Patel, a director and principal officer of VML, gave Harsell a birthday card along with a letter stating that she was demoted from general manager to front desk clerk due to "unsatisfactory performance." Prior to her demotion, Harsell had never been written up or told about any unsatisfactory performance, and she had never had a performance review, although she had been praised for her job performance. After her demotion, Harsell's wages decreased from $430 per week to approximately $136 per week ($8.50 per hour for approximately 16 hours per week). Harsell obtained a second job at Motel 6 because of this decrease in pay.

On August 4, 2016, Patel promoted 39-year-old Kelly Leahy to the position of general manager. On August 12, Harsell filed a charge of age discrimination with the EEOC based on her demotion. Harsell saw a letter from the EEOC arrive at the Super 8 within weeks thereafter. She observed Patel with the letter, and she saw a lawyer come to the Super 8 to meet with him.

On September 9, Leahy texted Harsell: "[S]ince you are now working for a competitor, we cannot allow you to work here simultaneously, as it is a conflict of interest. I am removing you from the schedule as of today." (Compl. ¶ 21, Dkt. No. 1.) When Harsell asked if this meant she was

---

[1] The facts recited in this section and relied on below are taken from Harsell's complaint and her Equal Employment Opportunity Commission (EEOC) discrimination charges, documents integral to the complaint. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015). For purposes of defendant's motion to dismiss, the court accepts Harsell's factual allegations as true and construes them in the light most favorable to her. *See Coleman v. Md. Court of Appeals*, 626 F.3d 187, 189 (4th Cir. 2010).

2

terminated, Leahy replied, "Yes, per Natu. I'm sorry." (*Id.* ¶ 22.) Harsell then filed a second charge with the EEOC, alleging that her termination constituted retaliation in violation of the ADEA.

II. DISCUSSION

A. Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's allegations must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard "requires the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, *i.e.*, the 'plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In determining whether the plaintiff has met this plausibility standard, the court must accept as true all well-pleaded facts in the complaint and in any documents incorporated into or attached to the complaint. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Further, it must "draw[] all reasonable factual inferences from those facts in the plaintiff's favor," *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999), but it "need not accept legal conclusions couched as facts or 'unwarranted inferences, unreasonable conclusions, or arguments,'" *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

B. Consideration of Extrinsic Documents

To its motion to dismiss, VML attaches both of plaintiff's EEOC charges. Harsell objected to the motion to dismiss in her briefing, though not at oral argument, on the grounds

that the two EEOC charges should not be considered at the motion-to-dismiss stage. (Pl.'s Mem. in Opp'n at 4 n.3, Dkt. No. 12.)

Typically, when a defendant moves to dismiss under Rule 12(b)(6), a court is "limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)). It may, however, consider a document attached to a motion to dismiss when the document is "'integral to and explicitly relied on in the complaint,'" and when the document's authenticity is unchallenged. *Zak*, 780 F.3d at 606 (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)). Here, Harsell explicitly relies upon the EEOC charge documents in framing her complaint, *see, e.g.*, Compl. ¶¶ 19-20, 24, 42, and she does not contest their authenticity. Thus, the court will consider the EEOC documents.

**C. Count II fails to state a claim because the VHRA does not encompass retaliation.**

The VHRA provides that "[n]o employer employing more than five but less than 20 persons shall *discharge* any such employee *on the basis of age* if the employee is 40 years of age or older." Va. Code § 2.2-3903(B) (emphasis added). District courts have dismissed VHRA claims under the plain language of the statute where plaintiffs have failed to allege that they were discharged on the basis of age. *See, e.g.*, *Wyatt v. Steidel*, No. 3:14-cv-64, 2014 WL 3945864, at *4 (E.D. Va. Aug. 12, 2014) (granting motion to dismiss VHRA claim because 1) employees exceeded statutory maximum, 2) employer denied proper compensation but did not discharge employee, and 3) plaintiff did not meet age requirement); *Cross v. Suffolk City School Bd.*, No. 2:11-cv-882011, 2011 WL 2838180, at *5–6 (E.D. Va. July 14, 2011) (granting motion to dismiss VHRA claim because employees exceeded statutory maximum, and noting *sua sponte* that "[i]n any event, [p]laintiff cannot maintain her VHRA claim . . . because this case does not involve the discharge of an employee").

4

Count II of the complaint asserts: "The actions of Defendant in demoting Mrs. Harsell from General Manager to Front Desk Clerk violate the Virginia Human Rights Act." (Compl. ¶ 40.) The paragraphs surrounding this assertion similarly center on Harsell's demotion, rather than her discharge. (*Id.* ¶¶ 36–37, 39.) Count III alone addresses Harsell's termination, and it asserts that she would not have been discharged but for her filing a charge of discrimination with the EEOC. (*Id.* ¶ 46.) Put simply, Count II fails to allege that Harsell was discharged on the basis of age.

Even if the court were to construe Count II as alleging that Harsell was discharged in retaliation for complaining about age discrimination, it would still fail to state a claim under the VHRA because "the VHRA only creates a cause of action for discharge." *See Wynne v. Birach*, No. 1:09-cv-15, 2009 WL 3672119, at *2 (E.D. Va. Nov. 3, 2009) (liberally construing VHRA count as retaliation claim under a constructive discharge theory, but nevertheless concluding that claim failed as a matter of law). Harsell's argument to the contrary—that the Supreme Court's reasoning as to Title IX in *Jackson v. Birmingham Board of Education*, 544 U.S. 167, 173 (2005), applies to the VHRA—is unpersuasive.[2] In *Jackson*, the Supreme Court held that Title IX's private right of action encompasses claims of retaliation for complaints about sex discrimination, in part because Title IX "broadly prohibits a funding recipient from subjecting any person to 'discrimination' on the basis of sex." 544 U.S. at 173–74. The court rejects Harsell's attempted application of *Jackson* because, in contrast to the breadth of Title IX, the VHRA "creates a limited private cause of action." *Cross*, 2011 WL 2838180, at *5. Indeed, the text of the statute explicitly states that "[n]othing in this chapter . . . creates, nor shall it be construed to create, an independent or private cause of action . . . except as specifically provided in subsections B and C." Va. Code § 2.2-3903(A). Thus, the court adheres to the plain language of the statue and declines to accede to Harsell's request during oral argument for a "good faith extension of the law."

---

[2] The court also notes the absence of any case law in which a court allowed an age-discrimination claim to move forward under the VHRA despite a plaintiff's failure to allege discharge on the basis of age.

**D. Plaintiff's motion for leave to amend the complaint is moot.**

VML also argued that Count II must be dismissed because the complaint alleges that VML has 20 or more employees, while the VHRA applies only to employers with less than 20 employees for age discrimination claims. *See* Va. Code § 2.2-3903(B). Harsell requested leave to amend the complaint in order to restate the number of employees in the alternative as to the ADEA and the VML. Nevertheless, during oral argument, Harsell's counsel asserted that if the court concluded that the motion to dismiss should be granted because the VHRA does not encompass retaliation, he would no longer seek leave to amend. Because the court so concludes, Harsell's motion for leave to amend the complaint will be denied as moot.

III. CONCLUSION

For the foregoing reasons, the court will grant defendant's motion to dismiss Count II of the complaint and deny as moot plaintiff's motion for leave to amend.

An appropriate order will follow.

Entered: February 22, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge