IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GRETA HARSELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 7:17-cv-00389 |
| | ) | |
| v. | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| VIRGINIA MOTOR LODGES, INC., | ) | |
| d/b/a Super 8, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the court in this employment discrimination action are a motion for partial summary judgment filed by defendant Virginia Motor Lodges, Inc. (VML), *d/b/a* Super 8 (Dkt. No. 9) and a motion for voluntary dismissal with prejudice filed by plaintiff Greta Harsell (Dkt. No. 30). The motion for partial summary judgment has been fully briefed and argued before the court, and the court deems a hearing on the motion for voluntary dismissal unnecessary. For the following reasons, the court will grant plaintiff's motion to dismiss with prejudice and deny as moot defendant's motion for partial summary judgment. An appropriate order to this effect has been entered. (Dkt. No. 31.)

I. BACKGROUND

Harsell brought this employment discrimination and retaliation action against her former employer, VML. Harsell alleged that VML demoted her because of her age, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, and the Virginia Human Rights Act (VHRA), Virginia Code §§ 2.2-3900–3903. Additionally, Harsell alleged that VML also violated the ADEA by subsequently terminating her employment in retaliation for her filing a complaint with the Equal Employment Opportunity Commission (EEOC).

VML filed a motion for partial summary judgment as to the ADEA claims and a motion to dismiss the VHRA claim. In particular, VML argued that it should be granted summary judgment as to plaintiff's ADEA claims because no reasonable juror could conclude that VML qualifies as an "employer" under the ADEA because it had not employed the requisite number of employees. The court held a hearing as to both motions on February 21, 2018. The court granted the motion to dismiss in a written opinion on February 22, 2018. (Dkt. No. 22.) With respect to the motion for partial summary judgment, the court allowed limited discovery—regarding the number of defendant's employees—to be completed and communicated to the court by a status update no later than 60 days following the hearing.

On April 19, Harsell submitted a status report and motion for Rule 41(a)(2) dismissal with prejudice. In her motion, Harsell "concedes that [VML] is not an 'employer' subject to the [ADEA]." (Pl.'s Mtn 1, Dkt. No. 30.) VML has not filed any response to the motion.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) allows for dismissal by court order after the opposing party has served either an answer or motion for summary judgment and without the consent of all parties who have appeared. The decision to grant or deny a voluntary dismissal under Rule 41(a)(2) is a matter of discretion to be guided by certain factors, including the potential prejudice to the nonmoving party. *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). Where, as here, a plaintiff's Rule 41(a)(2) motion "specifically request[s] dismissal with prejudice, it has been held that the district court *must* grant that request." 9 Charles A. Wright & Arthur R. Miller § 2367 (3d ed. 2008) (emphasis added). Indeed, that plaintiff seeks "dismissal with prejudice is of paramount importance," *F.D.I.C. v. Becker*, 166 F.R.D. 14, 15 (D. Md. 1996), because a voluntary dismissal with prejudice under Rule 41(a)(2) operates as "a complete

adjudication on the merits of the dismissed claim," *Harrison v. Edison Bros. Apparel Stores Inc.*, 924 F.2d 530, 534 (4th Cir. 1991).

In her motion for voluntary dismissal, Harsell represents that "[a]fter examining all the evidence . . . [Plaintiff] concedes that she lacks evidence to prove that Defendant had 'twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year'" in order to bring VML within the purview of the ADEA. (Pl.'s Mtn. 1.) Thus, Harsell moves the court "to dismiss this action with prejudice[,] . . . the parties to bear their respective costs." (*Id.*)

Considering that dismissal with prejudice of Harsell's complaint insulates VML from further litigation arising out of the dismissed claims, any injustice that VML might otherwise suffer "is significantly lessened." *Becker*, 166 F.R.D. at 15. Because district courts ordinarily "must" grant a plaintiff's request for voluntary dismissal with prejudice, Harsell's Rule 41(a)(2) motion will be granted. Although the court may impose conditions, such as the movant's payment of the opposing party's fees and costs, when the dismissal is without prejudice, such conditions are not appropriate where the motion is granted with prejudice because there is no risk that the defendant can be called upon again to defend and thus no risk of any duplication of expense. *See Harrison*, 924 F.2d at 534 (emphasizing that dismissal with prejudice is a complete adjudication of the issues and thus "[a]n adjudication in favor of the defendants, by court or jury, can rise no higher than this") (internal citations and quotations omitted).[1] Accordingly, Harsell's Rule 41(a)(2) motion will be granted, and the case will be dismissed with prejudice.

---

[1] Courts have recognized two exceptions to the general principle that such conditions are inappropriate where a motion for voluntary dismissal is granted with prejudice: (1) where the case involves "exceptional circumstances," such as where the plaintiff's suit was groundless, and (2) where "there is independent statutory authority for such an award." *See* 9 Wright & Miller § 2366 (internal quotation marks and citations omitted). There is no indication that either exception applies here.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion to dismiss will be granted with prejudice and defendant's motion for partial summary judgment will be denied as moot. An appropriate order has been entered. (Dkt. No. 31.)

Entered: May 10, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge